MARTIN, Appellant, vs. FOND DU LAC COUNTY, Respondent.

*February 26—March 20, 1906.*

*Paupers: Contagious diseases: Liability of county: Statutes: "Proper board of health."*

1. Plaintiff being possessed of a boarding house and business, one of her patrons was taken sick with smallpox, and herself, family, and other boarders quarantined by the city authorities. Shortly thereafter the city authorities refused to further care for the patient, and turned the matter over to the duly authorized poor agent of the defendant county, who continued the quarantine. Plaintiff brought this action for the value of her property used up or rendered worthless, the value of the use of her premises and belongings, injury to her health and that of her daughter,

and the value of services rendered in taking care of the sick. *Held:*

(1) Principles of natural justice, of themselves, are insuffi- · cient to create such a liability against the county.

(2) There is no common-law liability of counties to care for the poor, or to conserve the public welfare by preventing the spread of contagious or other diseases, or caring for those affected therewith.

(3) Counties have no power whatever except such as is derived from the written law.

(4) There is no statute imposing the duty on counties, primarily or otherwise, to take charge of and care for persons because of their being afflicted with contagious diseases.

(5) No cause of action existed in favor of plaintiff.

2. Under sec. 1416, Stats. 1898 (providing that, when any person shall be infected with smallpox, the proper board of health may immediately cause him to be removed to a separate house, if that can be done without danger to his health, and otherwise shall make provision for him in the house where he may be, and take such other measures as they may deem necessary for the safety of the inhabitants, and in either case they shall provide for him nurses and necessaries), there is no other public liability than that of the particular municipality where the necessity arises for action in caring for persons so affected with a contagious disease.

3. The term "proper board of health" as used in sec. 1416, Stats. 1898, plainly restricts the liability to the particular municipality where the person suffering from a contagious disease is located, since there is no statute providing for county boards of health.

Appeal from a judgment of the circuit court for Winnebago county: Geo. W. Burnell, Circuit Judge.   *Affirmed.*

Action to recover a sum of money from the defendant county.   The facts involved are in brief these: Plaintiff being possessed of a boarding house and business in the city of Fond du Lac in such county, one of her patrons was taken sick with smallpox, and her premises were thereupon quarantined by the city authorities, all the boarders and plaintiff's family being confined thereto for a considerable period of time.   Then by reason of the fact, as supposed, that the sick person was not a resident of the county, the city refused to further care for him and turned the matter over to the duly

-authorized poor agent of such county, who assumed jurisdiction of the matter pursuant to a notice under the poor law. Under the direction of such agent plaintiff's premises, together with all of her belongings therein, were used as before for several weeks. She did not consent at any time to such appropriation of her property. She endeavored to have the sick person removed therefrom and cared for elsewhere, though the manner in which he was taken care of was the only practicable one under the circumstances. By reason of the premises plaintiff's house and furnishings were used for the public benefit; she was prevented from enjoying the emoluments of her boarding-house business, and together with her daughter was required to and did, under the direction of the physician in charge, perform valuable services in taking care of the sick. A detailed statement of her property which was used up or rendered worthless by reason of the facts stated, and the value thereof, and of the value of the use of her premises and belongings, and the injury to her business and to her health and that of her daughter, and the value of the services rendered in taking care of the sick, amounting to $4,004.50, duly verified, was presented to the board of supervisors of the county for allowance in June, 1903. It was disallowed and an appeal was duly taken to the circuit court.

Defendant answered, pleading a former judgment in bar and admitting the filing of the claim as alleged, and disallowance thereof, but alleging that the disallowance occurred by reason of the same claim having been previously presented, considered, and acted upon adversely.·

When the cause was reached for trial an objection to any evidence under the complaint was sustained, and thereupon the cause was dismissed, and judgment was rendered accordingly.

For the appellant the cause was submitted on the brief of *E. Blewett.*

*E. P. Worthing,* for the respondent.

MARSHALL, J. As we understand it, counsel for appellant grounds the validity of her claim on principles of natural justice. Those principles are very broad, but of themselves are hardly sufficient to create a liability against a county. There can be no such liability of a contractual nature other than such as is expressly authorized by statute, and incurred in the manner provided therein, or by an ostensible, though void, transaction happening in good faith as to the municipal officers, or agents, and private party participating therein, whereby the money of the latter is acquired and actually used for legitimate purposes of the former, as in *Thompson v. Elton,* 109 Wis. 589, 85 N. W. 425, and *Rice v. Ashland Co.* 114 Wis. 130, 89 N. W. 908, and similar cases. Manifestly they do not apply, even remotely, to the facts here, unless the county was obligated by law, or had authority, to perform the service rendered in taking care of the sick person, supposed to have given rise to the plaintiff's claim.

There is no common-law liability of counties to care for the poor, or to conserve the public welfare by preventing the spread of contagious or other diseases, or caring for those afflicted therewith. Counties have no power whatever, as indicated, except as derived from the written law. *Frederick v. Douglas Co.* 96 Wis. 411, 71 N. W. 798. There is no statute imposing the duty on counties primarily or otherwise to take charge of and care for persons because of their being afflicted with smallpox. The statute (sec. 1416, Stats. 1898) clearly imposes that duty on the particular subdivision of the county wherein the necessity arises, whether in the particular instance the person is a resident thereof or is a pauper or a stranger.

Counsel for appellant places some reliance on the secondary, in some cases, and in others primary, liability of counties to care for nonresident paupers under sec. 1512 of the Statutes. Respondent's poor agent, it seems, supposed such statute governed, in taking charge of the matter upon notice be-

ing served. Manifestly, however, the case does not in any aspect fall therein. The situation was in all respects such as is expressly provided for by said sec. 1416. The material part is this: "When any person . . . shall be infected . . . with the smallpox . . . the proper board of health may immediately cause him to be removed to a separate house, if it can be done without danger to his health," and otherwise "shall make provision for him in the house where he may be; and . . . take such other measures as they may deem necessary for the safety of the inhabitants; and in either case they shall provide for him nurses and necessaries," etc. There is not a suggestion therein of any other public liability than that of the particular municipality where the necessity arises for action in the matter. The term "proper board of health" plainly restricts the liability as stated because there is no statute providing for county boards of health. That is conclusive of this appeal.

*By the Court.*—The judgment is affirmed.